LINDSLEY v. NATURAL CARBONIC GAS CO. (Circuit Court, S. D. New York. May 4, 1909.) See, also, 162 Fed. 954. Morris & Plante, for complainant. Rockwood, Scott & McKelvey, for defendant.

LACOMBE, Circuit Judge. The question whether or not this statute (chapter 429, p. 1221, Laws N. Y. 1908) is constitutional depends upon the power and authority which the owner of land in this state possesses and may exercise over what lies beneath its surface. In view of the recent deliverance of the Court of Appeals on that proposition (Hathorn v. Natural Carbonic Gas Co., 194 N. Y. 326, 87 N. E. 504), the demurrer to the bill is sustained.

---

SCOTT v. LAZELL et al. (Circuit Court, S. D. New York. May 3, 1909.) See, also, 169 Fed. 661. Macdonald & Macdonald, for complainant. Grafton L. McGill, for defendants.

LACOMBE, Circuit Judge. Complainant could not obtain complete relief by a motion to extend the scope of the original injunction. Under these circumstances the more satisfactory practice is to file supplemental bill, and thus avoid multiplicity of suits. Demurrer overruled.

---

UNION TRUST CO. OF NEW YORK v. FORTY-SECOND ST., M. & ST. N. AVE. RY. CO. et al. (Circuit Court, S. D. New York. August 3, 1909.) Miller, King, Lane & Trafford, for complainant. Bowers & Sands, for Forty-Second St., M. & St. N. Ave. Ry. Co. Evarts, Choate & Sherman, for receiver of Forty-Second St., etc., Ry. Co. Kellogg & Rose, for Barber Asphalt Paving Co.

LACOMBE, Circuit Judge. This is an application for decree of foreclosure and sale under second or income mortgage, upon final record. At the hearing no one made any objection to such disposition of the case. Complainant may take decree in the usual form, copy of proposed decree to be served on all parties, with 10 days' notice of settlement.

---

UPMANN et al. v. SALOMON et al. (Circuit Court, S. D. New York. June 22, 1909.) Rounds, Hatch, Dillingham & Debevoise, for complainants. Epstein Bros., for defendants.

LACOMBE, Circuit Judge. It is preposterous to keep this tobacco lying in the bonded warehouse, deteriorating in quality and declining in price, upon such a flimsy defense as the one here interposed. Complainant may take a mandatory injunction directing defendant Salomon to execute the necessary withdrawal papers, complainant to pay warehouse withdrawal and other charges. When withdrawn, the tobacco will be taken by the marshal, who will sell the same promptly on as good terms as he can procure, and will turn the proceeds into the registry of the court until the litigation to determine the ownership of the tobacco shall have terminated.